U.S. COURTS

00 JUL 14 PM 4: 21

REC'D_____FILED_____
CAMERON S. BURKE
CLERK                IDAHO

**FEE PAID**
RCPT #. 7169

Candy W. Dale, ISB #2909
Jenny B. Carey, ISB #5648
HALL, FARLEY, OBERRECHT & BLANTON, P.A.
702 West Idaho, Suite 700
Post Office Box 1271
Boise, Idaho  83701
Telephone:  (208) 395-8500
Facsimile:  (208) 395-8585
W:\14\14-000.298\Removal-Fed.wpd

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

|   |   |
|---|---|
| K. JILL BOLTON, an individual,<br><br>                    Plaintiff,<br><br>vs.<br><br>DOUGLAS A. WERTH, an individual;<br>BLAINE COUNTY, a political subdivision;<br>and DOES 1-25 inclusive,<br><br>                    Defendants. | CIV 00-0396-E-BLW<br>Case No.<br><br>**NOTICE OF REMOVAL**<br><br>Filing Fee:  $150.00 |

COME NOW Defendants Douglas A. Werth and Blaine County, by and through the undersigned

counsel, for the purpose of removing this cause to the United States District Court for the District of Idaho,

and respectfully indicates to the Court the following:

      1.     Civil Action No. CV 00-6776 entitled <u>K. JILL BOLTON, an individual vs. DOUGLAS</u>

NOTICE OF REMOVAL - 1

1.

# EXHIBIT C

CASE NUMBER: CV-00-06776      K. JILL BOLTON
                                    VS
                             DOUGLAS A. WERTH, etal


FILING DATE: 06/27/2000                                    TOTAL DEFENDANTS:    2
SUBTYPE:    OC  CLASS SUBTYPE: SAME                         TOTAL PLAINTIFFS:    1


ASSIGNED JUDGE:   WILLIAM J. HART

EXHIBITS        NONE

HEARINGS        NONE

TRANSACTIONS

| DATE | RECEIPT | AMOUNT | DESCRIPTION |
|------|---------|--------|-------------|
| 06/27/2000 | 0071975 | 77.00 | Civil Complaint, More Than $1000 No Prior Appearance |

ROAS

| ENTRY DATE | CODE | | CLASS DATE | USER ID |
|------------|------|--|------------|---------|
| | | | 06/30/2000 | KATE |
| 06/27/2000 | NEWC | NEW CASE FILED | | KATE |
| | A1 | CIVIL COMPLAINT, MORE THAN $1000, | | KATE |
| | | NO PRIOR APPEARANCE | | KATE |
| | COMP | COMPLAINT FILED | | KATE |
| | SMIS | SUMMONS ISSUED/DOUGLAS WERTH | | KATE |
| | SMIS | SUMMONS ISSUED/BLAINE COUNTY | | KATE |
| | MISC | RETURNED TO COUNSEL FOR SERVICE | | KATE |
| 06/30/2000 | ORDR | DISQUALIFICATION AND ORDER (HART ASSIGNED) | | KATE |
| | DISF | DISQUALIFICATION OF JUDGE - SELF | 06/30/2000 | KATE |
| | MISC | FILE SENT TO JUDGE HART | | KATE |
| 07/03/2000 | ACSR | ACCEPTANCE OF SERVICE | | KRISTI |
| 07/10/2000 | ACSR | ACCEPTANCE OF SERVICE | | KATE |

TICKLERS        NONE

PLAINTIFFS

    PLAINTIFF:    BOLTON, K. JILL                SEND NOTICES: YES
    ADDRESS:


    RELATIONSHIPS: NONE

    ALIASES:      NONE

    ATTORNEYS:    WOOLLEY, CYNTHIA               (primary)

    BONDS:        NONE

    WARRANTS:     NONE

DEFENDANTS

CASE NUMBER: CV-00-06776      K. JILL BOLTON
                             VS
                     DOUGLAS A. WERTH, etal


**DEFENDANTS**      continued

    **DEFENDANT:**      **WERTH, DOUGLAS A.**                          **SEND NOTICES: YES**
    ADDRESS:


    RELATIONSHIPS: NONE

    ALIASES:      NONE

    ATTORNEYS:      NONE

    BONDS:      NONE

    WARRANTS:      NONE

    **DEFENDANT:**      **BLAINE COUNTY, A POLITICAL SUBDIVISION**          **SEND NOTICES: YES**
    ADDRESS:


    RELATIONSHIPS: NONE

    ALIASES:      NONE

    ATTORNEYS:      NONE

    BONDS:      NONE

    WARRANTS:      NONE

# ORIGINAL

Cynthia Woolley
Attorney at Law
P.O. Box 996
Sun Valley, ID 83353
Tel: (208) 622-2783
Fax: (208) 622 1607
ISB # 6018



FILED AM/PM 4:45
MARSHA RIED
JUN 27 2000
CLERK DISTRICT

Attorney for Plaintiff K. Jill Bolton

## IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT

## OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF BLAINE

| | |
|---|---|
| **K. JILL BOLTON, an individual,** | Case No.: CV-00-6776 |
| **Plaintiff,** | |
| vs. | **COMPLAINT** |
| **DOUGLAS A. WERTH, an individual; BLAINE COUNTY, a political subdivision; and DOES 1-25 inclusive,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | **Filing Fee:  $77.00** **Fee Category:  A-1** |

Plaintiff K. Jill Bolton complains and alleges as follows:

### INTRODUCTION

1.　　This is an action brought by K. Jill Bolton who suffered and continued to suffer unlawful and retaliatory treatment by Douglas A. Werth, the Prosecuting Attorney of defendant Blaine County, during her employment as Deputy Prosecuting Attorney of Blaine County.

## PARTIES

2.     Plaintiff K. Jill Bolton is an adult female residing in Blaine County, Idaho. At all material times herein, Plaintiff was employed by defendant Blaine County as Deputy County Prosecuting Attorney.

3.     Defendant Douglas A. Werth is an individual residing in Blaine County. At all material times herein, defendant Werth was the elected Prosecuting Attorney of Blaine County and the direct supervisor of Plaintiff. Defendant Werth is sued both in his individual and in his official capacity as the employee or agent of Defendant Blaine County.

4.     Defendant Blaine County is a political subdivision of the State of Idaho with its principal offices located at 206 1st Avenue South, Hailey, County of Blaine, State of Idaho, and is actually the governing body of Blaine County. Defendant Blaine County has employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

5.     Plaintiff is unaware of the true names and capacities, whether individual or otherwise, of defendants DOES 1 through 25, inclusive, and therefore sues these defendants by fictitious names. Plaintiff is informed and believes, and on that basis alleges, that these DOE defendants, and each of them, are in some manner responsible and liable for the acts and/or damages alleged in this Complaint, and that among these DOE defendants are supervisory employees, elected officials and agents of defendants Blaine County and/or Douglas A. Werth. Plaintiff will amend this Complaint to allege the DOE defendants' true names and capacities when they have been ascertained.

## JURISDICTION AND VENUE

6.     This is an action for injunctive relief and damages arising under the laws of the United States and the State of Idaho. Jurisdiction and venue are proper because the causes of action alleged in this Complaint arise out of Defendants' activities in Blaine County, Idaho.

## EXHAUSTION OF ADMINISTRATIVE REQUIREMENTS

7.     Plaintiff has exhausted all administrative and procedural requirements necessary to file this Complaint.

8.     Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission and received a Notice of Right to Sue from the Civil Rights Division of the U.S. Department of Justice dated May 23, 2000 and a Notice of Administrative Dismissal and Right To Sue from the Idaho Human Rights Commission dated June 19, 2000.  This Complaint was filed within 90 days of receipt of the Notices of Right to Sue.

9.     Plaintiff filed a Notice of Claims for Damages against the defendant, Blaine County on March 27, 2000.  The statutory period of 90 days has elapsed since the filing of the Notice of Claims.  Blaine County is deemed to have denied the claims since it has failed to approve or deny the claims.

## FACTS COMMON TO ALL CLAIMS

10.     Plaintiff repeats the allegations set forth above in paragraphs 1 through 9, incorporates them herein by reference, and alleges as follows:

11.     Plaintiff was hired by defendant Werth as Deputy County Prosecutor for Blaine County in or about October, 1997 and is still so employed.

12.     At the time he hired Plaintiff, Werth promised Plaintiff that he would provide her with job opportunities and responsibilities to enable her to advance professionally in her career as a prosecuting attorney and run for election as County Prosecuting Attorney.

13.     Instead of performing according to his promise, Werth limited Plaintiff's exposure to opportunities and responsibilities that would advance her career and instead gave those opportunities and responsibilities to a male attorney who has less experience than Plaintiff.

14.     In reliance on Werth's promise that Plaintiff would be given opportunities to advance her career, Plaintiff turned down at least one other offer of employment; Plaintiff and her husband sold their house in Pocatello and moved to Hailey incurring moving and rental expenses; and Plaintiff's husband gave up a job making significantly more money than he can make in Blaine County.

15.     During Plaintiff's employment, Werth engaged in conduct that Plaintiff believed was in violation of County Policy was causing high employee turnover and exposed the County to employee lawsuits.  Plaintiff initially complained to Werth but he did not respond.  Since Werth is Plaintiff's only supervisor, she was forced to complain about Werth's conduct to the Blaine County Board of Commissioners in or about August 1999.

16.     The Blaine County Board of Commissioners did nothing in response to Plaintiff's complaint except to suggest that Plaintiff "try and work it out with Werth over drinks."

17.     Werth then began a course of retaliation against Plaintiff for reporting his conduct to the Board of Commissioners.  Werth's retaliation of Plaintiff has continued to the present.

18.     Werth prohibited Plaintiff, but not the male attorneys from speaking with the press and the media.

19.     In or about the summer of 1999, Werth promised Plaintiff that in the event the office of the County Prosecutor obtained the City of Hailey contract to prosecute misdemeanor cases, Werth would hire a new attorney and that he would promote Plaintiff to the position of Chief Civil Deputy.  He told Plaintiff that the responsibility for misdemeanors would go to the new attorney.  Plaintiff told him she would accept that promotion.  When the office got the City contract, instead of giving Plaintiff the promotion, he delegated the responsibilities he had promised to her to a male attorney with much less experience than Plaintiff had

20.     In the course and scope of his employment as County Prosecutor, and/or individually Werth intentionally and with malice has taken, and continues to take, actions against

Plaintiff intended to discriminate against her, thwart her professional advancement, damage her professional reputation and intimidate her.  These actions include, but are not limited to the following:

(a)     Werth gave responsibilities for felony and civil matters to a male attorney with less experience than plaintiff had;

(b)     Werth has excluded Plaintiff from the regular meeting of the Child Abuse Response Team, despite the fact that Plaintiff handles at least half of the child abuse cases in the office of the County Prosecutor.

(c)     Although Plaintiff handles the majority of domestic violence cases and wrote and administered two successful STOP grant applications under the Violence Against Women Act, Werth has excluded Plaintiff since the fall of 1999 from meetings of the Blaine County Domestic Violence Task Force.

(d)     In January 2000, although Plaintiff has over four years' experience in handling these matters, and initiated the Protective Custody Task Force, Werth took away her responsibilities in mental commitment proceedings.

(e)     In the fall of 1999, Werth told Plaintiff that Plaintiff was not to speak with the Blaine County Commission about her concerns about his treatment of her and other employees.  He repeated that admonition in his February 14, 2000 letter to Cynthia Woolley, attorney for Plaintiff.

(f)     In the fall of 1999, Plaintiff applied for continued funding of the STOP Grant award for the office and requested funding for her training at a national conference on domestic violence.  Werth took this request out of the proposal effectively denying Plaintiff the national conference training.  The STOP Grant Administrators in Boise invited Plaintiff to participate with a representative from the Advocates for Survivors of Domestic Violence

in Hailey (the only two Idaho representatives chosen by the Boise Administrators) in an all-expense paid training in Tulsa, Oklahoma. Werth did not permit Plaintiff to go and sent a male police detective in her place.

(g)    In February, 2000, Werth excluded Plaintiff from the Idaho Prosecuting Attorney's Association Winter Conference even though Plaintiff had previously attended all conferences along with the male attorneys.

(h)    In January, 2000, Werth sent only male employees to Power Point classes, excluding Plaintiff from learning about that technology which is used for trial. This is despite the fact that Plaintiff was available for the class and that her criminal trial load is at least three times as great as any male attorney's.

(i)    Werth arbitrarily denied Plaintiff's vacation request of two days in February, 2000 even though he routinely grants vacation requests for the male attorneys.

(j)    In the late summer of 1999, Werth ordered Plaintiff to move her office across the street from the main prosecutor's office. In October, 1999, a male attorney was hired and given an office in the main building. To the present, the male attorneys have maintained their offices in the main building. As a result, Plaintiff is routinely excluded from main office privileges and benefits including meetings and discussions among the attorneys.

(k)    Werth has repeatedly refused Plaintiff's requests for adequate computer and technological support. Werth hired a computer technician to set up the computers, software, internet and legal research access in the main office where the male attorneys work. Werth did not hire a technician to set up Plaintiff's computer, software, internet and legal research access. Instead, he directed Plaintiff to go out and buy the internet software and

hardware (including telephone wires, etc.) on her own and told her that she would be responsible for setting up her own research software and internet access.

(l)     Even though Plaintiff is not the least experienced attorney, because Plaintiff is isolated in the office across the street and due to the high turnover of secretaries in the office, Plaintiff's office is the training ground for new secretaries. Plaintiff's secretary is transferred to the main office whenever Werth or other male attorneys' secretaries quit or go on leave.

(m)     On February 3, 2000, Werth issued a notice of disciplinary hearing to Plaintiff. This previously unknown process and procedure is prohibited by the Blaine County Personnel Manual. No male attorney has ever received such a notice from Werth and the charges it makes are unfounded.

(n)     In the fall of 1999, Werth promised Plaintiff that he would take a frivolous written warning out of Plaintiff's file that he had placed there in the fall of 1999. As of January 24, 2000, the last time Plaintiff was permitted to see her original personnel file, it was still there.

(o)     After Plaintiff informed Werth that she was bringing charges of discrimination against her employer, Werth issued another written warning raising many of the same unfounded claims he had already made against her. In accordance with County Policy, Plaintiff in March 2000 submitted a written demand that the written warning be removed from her personnel file. Werth has never responded.

(p)     Werth kept out of Plaintiff's file items complimenting her performance and in fact never brought them to her attention when he received them. These include a letter

from Magistrate Judge Elgee concerning her performance in matters before him and a letter from Gene Ramsey, Blaine County Chief Sheriff's Deputy, commending her performance.

      (q)    Werth made false statements about Plaintiff's performance as an attorney to other attorneys further damaging her reputation in the community;

      (r)    Werth invents new policies and enforces them against Plaintiff but not against the male attorneys; often abruptly changing his policies and expecting Plaintiff to adapt.

21.    The history of pay increases for Blaine County attorneys during Werth's tenure as County Prosecutor shows a pattern of discrimination on the basis of sex. Blaine County has repeatedly given Plaintiff lower pay raises than it gives the male attorneys. Even though Werth promised all the attorneys a 3% cost of living allowance increase in October, 1999, Plaintiff's increase was only about 2.6% while every male attorney received a 3% COLA. Blaine County started Plaintiff at a lower pay rate than it did another similarly situated male attorney, taking into account experience and inflation.

22.    The Blaine County Board of Commissioners knew of Werth's actions described above and did nothing to prevent him from continuing to discriminate and retaliate against Plaintiff, and violate County Policy, state and federal law and the United States Constitution.

## FIRST CLAIM FOR RELIEF

### Discrimination on the Basis of Sex in Violation of Title VII

### (Against Blaine County)

23.    Plaintiff repeats the allegations set forth above in paragraphs 1 through 22, incorporates them herein by reference, and alleges as follows:

24.    At all times material herein defendant Blaine County has been a covered employer subject to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

25.    Plaintiff has been employed by Blaine County since October, 1997.  During the period of Plaintiff's employment by defendant Blaine County and continuing to the present, Blaine County through its agents and employees and elected officials discriminated against her with respect to her compensation because of her sex, by paying her substantially less than a similarly situated male employee, and by giving her lower pay raises than a similarly situated male employee.  By so doing, defendant Blaine County committed an unlawful employment practice in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

26.    During the period of Plaintiff's employment by defendant Blaine County and continuing to the present, Blaine County through its agents and employees and elected officials has discriminated against her by limiting, segregating, or classifying her in a way which deprived or tended to deprive her opportunities and/or otherwise adversely affected her status as an employee, because of her sex.  By so doing, defendant Blaine County committed an unlawful employment practice in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

27.    During the period of Plaintiff's employment by defendant Blaine County and continuing to the present, Blaine County through its agents, employees and elected officials discriminated against Plaintiff with respect to the terms, conditions, and privileges of her employment because of her sex by, among other things, providing her with less instruction, support and training than it provided to a similarly situated male employee; denying her opportunities for advancement and increased responsibility that were given to a similarly situated male employee; denying her access to the press and the media that was given to a similarly situated male employee; and subjecting her to discipline that it did not impose on a similarly situated male employee.  By so doing, defendant Blaine County committed an unlawful

employment practice in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

28.    The above-described unlawful employment practices were committed intentionally.

## SECOND CLAIM FOR RELIEF

### Retaliation in Violation of Title VII

### (Against Blaine County)

29.    Plaintiff repeats the allegations set forth above in paragraphs 1 through 28, incorporates them herein by reference, and alleges as follows:

30.    Plaintiff notified Blaine County on February 14, 2000 that she had initiated charges of employment discrimination against defendant Blaine County with the United States Equal Employment Opportunity commission.

31.    During the period from February 14, 2000 and continuing to the present, defendant Blaine County intentionally retaliated against Plaintiff with respect to the terms, conditions, and privileges of her employment because Plaintiff filed the discrimination charges referred to above. By so doing, defendant Blaine County committed an unlawful employment practice in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

## THIRD CLAIM FOR RELIEF

### Violation of Federally Protected Rights - 42 U.S.C. § 1983 (Title VII)

### (Against Douglas A. Werth and Blaine County)

32.    Plaintiff repeats the allegations set forth above in paragraphs 1 through 31, incorporates them herein by reference, and alleges as follows:

33.    Defendant Werth individually and as agent or employee of defendant Blaine County, acting under color of state law, has violated Plaintiff's federal rights protected by Title

VII of the Civil Rights Act of 1964 by discriminating and retaliating against her on the basis of her sex as alleged herein.

## FOURTH CLAIM FOR RELIEF

### Violation of Federally Protected Rights - 42 U.S.C. § 1983 (First Amendment)

### (Against Douglas A. Werth and Blaine County)

34.    Plaintiff repeats the allegations set forth above in paragraphs 1 through 33, incorporates them herein by reference, and alleges as follows:

35.    Defendant Werth individually and as agent for defendant Blaine County, acting under color of state law, has deprived Plaintiff of her federal rights protected by the First Amendment of the United States Constitution by prohibiting her from speaking to the press and the media and by prohibiting her from speaking to the Board of County Commissioners about violations of law and County Policy by defendant Werth as alleged above.

## FIFTH CLAIM FOR RELIEF

### Idaho Human Rights Act

### (Against Blaine County)

36.    Plaintiff repeats the allegations set forth above in paragraphs 1 through 35, incorporates them herein by reference, and alleges as follows:

37.    The acts of defendant Blaine County as alleged in the First and Second Claims for Relief above constitute a violation of the Idaho Human Rights Act, Idaho Code §§ 67-5901, et seq.

## SIXTH CLAIM FOR RELIEF

### Fraudulent Inducement to Enter Into Employment Contract

### (Against Douglas A. Werth and Blaine County)

38.    Plaintiff repeats the allegations set forth above in paragraphs 1 through 37, incorporates them herein by reference, and alleges as follows:

39.     Plaintiff's agreement to enter into the employment contract with Blaine County was obtained by fraud.

40.     Werth made false representations and concealed facts as alleged in Paragraphs 10 through 14, above.

41.     When Werth made these representations, he knew them to be false and made them with the intention to deceive and defraud Plaintiff and to induce her to act in reliance on these representations or with the expectation that Plaintiff would rely on them.

42.     Plaintiff, at the time these representations were made by Werth and at the time Plaintiff acted in reliance on them, was unaware of the falsity of the representations and believed them to be true.

43.     In reliance on these representations, Plaintiff was induced to and did enter into the employment contract with Blaine County and did move from Pocatello to Hailey, Idaho, sell her home in Pocatello, purchase a home in Hailey and forwent other opportunities of employment elsewhere.

44.     Had Plaintiff known the actual facts, she would not have entered into any such agreement with Blaine County.

45.     Plaintiff's reliance on Werth's representations was justified because as the Blaine County Prosecuting Attorney, Werth was authorized to hire deputy county prosecutors.

46.     As a proximate result of Werth's fraudulent conduct, Plaintiff was induced to incur substantial costs and expenses to relocate herself and her family and to forego other employment opportunities which would have provided her with increased responsibility and opportunity for advancement and increased salary.

47.     Werth's conduct was an intentional misrepresentation, deceit, or concealment of a material fact known to Werth with the intention of Werth of thereby depriving Plaintiff of career

advancement and salary increases, or otherwise causing injury, and was fraudulent, malicious, and oppressive.

## SEVENTH CLAIM FOR RELIEF

### Misrepresentation and Deceit

### (Against Douglas A. Werth and Blaine County)

48.     Plaintiff repeats the allegations set forth above in paragraphs 1 through 47, incorporates them herein by reference, and alleges as follows:

49.     Werth made false representations and concealed facts as alleged in Paragraph 19, above.

50.     Douglas A. Werth intentionally misrepresented to Plaintiff that he would promote her and increase her salary, and give her certain job responsibilities.

51.     When Werth made these representations, he knew them to be false and made them with the intention to deceive and defraud Plaintiff and to induce her to act in reliance on these representations or with the expectation that Plaintiff would rely on them.

52.     Plaintiff, at the time these representations were made by Werth and at the time Plaintiff acted in reliance on them, was unaware of the falsity of the representations and believed them to be true.

53.     Plaintiff relied on Werth's misrepresentations by remaining in her job as deputy county prosecutor and not seeking other employment where she would be given the types of responsibilities and increased salary promised her by Werth.

54.     Plaintiff's reliance on Werth's representations was justified because as the Blaine County Prosecuting Attorney, Werth had the authority to promote Plaintiff, increase her salary and determine her job responsibilities.

55.     Werth's conduct was an intentional misrepresentation, deceit, or concealment of a material fact known to Werth with the intention of Werth of thereby depriving Plaintiff of career

advancement and salary increases, or otherwise causing injury, and was fraudulent, malicious, and oppressive.

## EIGHTH CLAIM FOR RELIEF

### Breach of the Implied Covenant of Good Faith and Fair Dealing

### (Against Blaine County)

56.     Plaintiff repeats the allegations set forth above in paragraphs 1 through 55, incorporates them herein by reference, and alleges as follows:

57.     Implicit in the employment relationship between Plaintiff and Blaine County is a covenant of good faith and fair dealing that protects Plaintiff's right to receive the benefits of the agreement.

58.     Blaine County has violated, nullified or significantly impaired the benefits Plaintiff has a right to receive from the County and its agents, including Werth, pursuant to the covenant of good faith and fair dealing.

59.     In the course and scope of his employment as County Prosecutor, Werth, in bad faith and with malice violated, nullified or significantly impaired the benefits Plaintiff has a right to receive by, among other things, disciplining plaintiff in a manner contrary to County Policy; failing treat Plaintiff in accordance with County Policy; denying her promotion, opportunities for career advancement and opportunities and benefits accorded other attorneys; failing to treat her equally to the male attorneys in terms and conditions of employment and pay; retaliating against her and damaging her professional reputation.

## NINTH CLAIM FOR RELIEF

### Tortious Interference With Prospective Economic Advantage

### (Against Douglas A. Werth and Blaine County)

60.     Plaintiff repeats the allegations set forth above in paragraphs 1 through 59, incorporates them herein by reference, and alleges as follows:

61.     Plaintiff had a valid economic expectancy in career advancement and pay raises and cost of living allowances at least equal to that of male employees.

62.     Werth, in the course and scope of his employment as County Prosecutor and intentionally and with malice, deprived and continues to deprive Plaintiff of experience with felony and civil cases despite the fact that he hired her to take those types of cases and that she was competent to handle them.  By limiting her exposure to these cases, he not only has limited her daily experience and career advancement, he has damaged her marketability and earning capacity in this and other jurisdictions.

63.     Werth, in the course and scope of his employment as County Prosecutor and intentionally and with malice, deprived and continues to deprive Plaintiff of access to the press and the media.  By limiting Plaintiff's exposure to the media, Werth has further limited Plaintiff's earning potential and marketability in other counties as well as her ability to develop a reputation in this community.

### TENTH CLAIM FOR RELIEF

### Equal Pay Act, 29 U.S.C. § 206(d)

### (Against Blaine County)

64.     Plaintiff repeats the allegations set forth above in paragraphs 1 through 63, incorporates them herein by reference, and alleges as follows:

65.     At all times herein, Defendant Blaine County is an employer covered by the Equal Pay Act. 29 U.S.C. § 206(d).

66.     Defendant Blaine County has discriminated against Plaintiff on the basis of sex by paying her salary, salary increases and bonuses at a rate less than the rate at which it pays male employees for substantially equal work requiring comparable skill, effort and responsibility under similar working conditions.

67.     Defendant Blaine County's violation of the Equal Pay Act was intentional and entitles Plaintiff to the unpaid wages plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs.

## ELEVENTH CLAIM FOR RELIEF

### Discriminatory Wage Rate, Idaho Code §§ 44-1701, et seq.

### (Against Blaine County)

68.     Plaintiff repeats the allegations set forth above in paragraphs 1 through 67, incorporates them herein by reference, and alleges as follows:

69.     Defendant Blaine County has discriminated against Plaintiff on the basis of sex by paying her wages at a rate less than the rate at which it pays male employees for comparable work requiring comparable skill, effort and responsibility.

70.     Defendant Werth caused or attempted to cause Blaine County to discriminate against Plaintiff in violation of Idaho Code §§ 44-1701, et seq.

71.     The violations of Idaho Code §§ 44-1701, et seq. were committed by defendants wilfully and entitle Plaintiff to the unpaid wages plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs.

## TWELFTH CLAIM FOR RELIEF

### Violation Of Idaho Protection Of Public Employees Act, Idaho Code §§ 6-2101 – 6-2109

### (Against Douglas A. Werth and Blaine County)

72.     Plaintiff repeats the allegations set forth above in paragraphs 1 through 71, incorporates them herein by reference, and alleges as follows:

73.     Plaintiff communicated in good faith to the County Board of Commissioners the existence of a waste of public funds and manpower, a violation or suspected violation of law, rule or regulation adopted under the law of this state, a political subdivision of this state or the

United States.  Plaintiff's communication was based on Werth's and/or suspected violations of County Policy and state and federal law.

74.     After Plaintiff communicated the above to the County Board of Commissioners and continuing to the present, Werth has taken adverse action against Plaintiff in retaliation for her communication to the County Board of Commissioners.

## THIRTEENTH CLAIM FOR RELIEF

### Negligent Supervision

### (Against Blaine County)

75.     Plaintiff repeats the allegations set forth above in paragraphs 1 through 74, incorporates them herein by reference, and alleges as follows:

76.     As the Board of Commissioners for Defendant Blaine County, the Blaine County Board of Commissioners is charged with the duty of supervising elected officials.

77.     The Board of Commissioners has failed to exercise ordinary care in its supervision of Werth, the elected County Prosecuting Attorney.

78.     As a proximate result of the Board of Commissioners' failure to exercise ordinary care in its supervision of Werth, Werth has been permitted to commit violations of County policy, state and federal law and the United States Constitution and has been permitted to continue to commit such violations.

79.     As a proximate result of the Blaine County Board of Commissioners' failure to exercise ordinary care in its supervision of Werth, Plaintiff has suffered and continues to suffer loss of professional reputation and pecuniary loss.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

## PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court:

## INJUNCTIVE RELIEF

Grant a permanent injunction against the defendants, their officers, agents, successors employees, elected officials, attorneys, and other representatives and those in active service or otherwise, enjoining them from engaging in further unlawful employment practices of the kind alleged in this Complaint.

Grant a permanent injunction against the defendants, their officers, agents, successors employees, elected officials, attorneys, and other representatives and those in active service or otherwise, enjoining them from engaging in further violations of County policy.

Order the defendant to make whole Plaintiff by providing her with back pay equal to the amount she could reasonably have expected to earn in defendant's employ but for the unlawful employment practices committed by defendant;

## DAMAGES

For an award damages against Douglas A. Werth and Blaine County in an amount to be proven at trial;

## ATTORNEYS' FEES AND COSTS

For costs of suit and attorneys' fees.

## OTHER

For prejudgment and post judgment interest

For any other relief that is just and proper.

Dated this 27th day of June, 2000.

Cynthia Woolley
Attorney at Law

By: _____
Cynthia Woolley
Attorney for Plaintiff

## VERIFICATION

STATE OF IDAHO                    )
                                 ) ss.
County of Blaine                  )


K. Jill Bolton, being first duly sworn , deposes and says:

1.      I am the Plaintiff herein;

2.      I have read the foregoing Complaint, knows the contents thereof and that the facts

therein stated are true to the best of my knowledge, information and belief.


_____
K. Jill Bolton
Plaintiff


SUBSCRIBED AND SWORN to this 27th day of June, 2000.


_____
Notary Public in and for the State of Idaho,
residing at _Bellevue, Id_, therein.
My Commission expires _4/29/2003_ .

**CYNTHIA WOOLLEY**
Attorney at Law
P.O. Box 996
Sun Valley, ID 83353
Tel: (208) 622-2783
Fax: (208) 622 1607
ISB # 6018



Attorney for Plaintiff K. Jill Bolton

## IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT

## OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF BLAINE

| | |
|---|---|
| K. JILL BOLTON, an individual, | Case No.: CV · 00·6776 |
| Plaintiff, | |
| vs. | SUMMONS |
| DOUGLAS A. WERTH, an individual; BLAINE COUNTY, a political subdivision; and DOES 1-25 inclusive, | |
| Defendants. | |

**NOTICE: YOU HAVE BEEN SUED BY K. JILL BOLTON, THE ABOVE-NAMED PLAINTIFF.** THE COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU RESPOND WITHIN TWENTY (20) DAYS. **READ THE INFORMATION BELOW.**

TO THE ABOVE-NAMED DEFENDANT, DOUGLAS A. WERTH:

YOU ARE HEREBY NOTIFIED that in order to defend this lawsuit, an appropriate written

response must be filed with the above designated court within TWENTY (20) days after service of

this Summons on you. If you fail to so respond, the court may enter judgment against you as

demanded by the Plaintiff.

A copy of the Complaint is served with this Summons. If you wish to seek the advice or representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

An appropriate written response requires compliance with Rule 10(a)(1) and other Idaho Rules of Civil Procedure and shall also include:

    1. The title and number of this case.

    2. If your response is an Answer to the Complaint, it must contain admissions or denials of the separate allegations of the Complaint and other defenses you may claim.

    3. Your signature, mailing address and telephone number, or the signature, mailing address and telephone number of your attorney.

    4. Proof of mailing or delivery of a copy of your response to Plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named court.

DATED this 27th day of June, 2000

MARSHA RIEMAN, CLERK OF THE DISTRICT COURT

By _____
DEPUTY CLERK

SUMMONS

**CYNTHIA WOOLLEY**
Attorney at Law
P.O. Box 996
Sun Valley, ID 83353
Tel: (208) 622-2783
Fax: (208) 622 1607
ISB # 6018

6-27-00

Attorney for Plaintiff K. Jill Bolton

## IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT

## OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF BLAINE

| | |
|---|---|
| K. JILL BOLTON, an individual, | Case No.: CV·00·6776 |
| Plaintiff, | |
| vs. | SUMMONS |
| DOUGLAS A. WERTH, an individual; BLAINE COUNTY, a political subdivision; and DOES 1-25 inclusive, | |
| Defendants. | |

**NOTICE:  YOU HAVE BEEN SUED BY K. JILL BOLTON, THE ABOVE-NAMED PLAINTIFF.** THE COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU RESPOND WITHIN TWENTY (20) DAYS.  **READ THE INFORMATION BELOW.**

TO THE ABOVE-NAMED DEFENDANT, BLAINE COUNTY:

YOU ARE HEREBY NOTIFIED that in order to defend this lawsuit, an appropriate written

response must be filed with the above designated court within TWENTY (20) days after service of

this Summons on you.  If you fail to so respond, the court may enter judgment against you as

demanded by the Plaintiff.

A copy of the Complaint is served with this Summons. If you wish to seek the advice or representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

An appropriate written response requires compliance with Rule 10(a)(1) and other Idaho Rules of Civil Procedure and shall also include:

1. The title and number of this case.

2. If your response is an Answer to the Complaint, it must contain admissions or denials of the separate allegations of the Complaint and other defenses you may claim.

3. Your signature, mailing address and telephone number, or the signature, mailing address and telephone number of your attorney.

4. Proof of mailing or delivery of a copy of your response to Plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named court.

DATED this 27th day of June, 2000

MARSHA RIEMAN, CLERK OF THE DISTRICT COURT

By _____
DEPUTY CLERK

SUMMONS

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF
THE STATE OF IDAHO, IN AND FOR BLAINE COUNTY

FILED AM(PM) 12:10

JUN 30 2000

K. JILL BOLTON, an individual,                    )
                                                  )
            Plaintiff,                            )      CASE NO.  CV-00-6776
                                                  )
vs.                                               )      DISQUALIFICATION
                                                  )      AND ORDER
DOUGLAS A. WERTH, an individual; BLAINE           )
COUNTY, a political subdivision; and DOES         )
1 – 25 inclusive,                                 )
                                                  )
            Defendant,                            )
                                                  )

        Comes now, **James J. May**, District Judge in the above entitled Court, disqualifies himself from
hearing the above entitled case and petitions the Administrative Judge, R. Barry Wood, to appoint another
District Judge to hear the above entitled case.

        Dated this 28th day of June, 2000.

                                        James J. May, District Judge

## ORDER

        In accordance with the above motion of James J. May, District Judge, and good cause appearing
therefore:

        IT IS HEREBY ORDERED that the above entitled matter is hereby assigned to the Honorable
J. William Hart _____ District
Judge, who shall have full power to hear trial of said case and all other matters relating thereto.

        DATED this 29th day of ___ June _____ 2000.

                                        R. Barry Wood
                                        Administrative Judge

pc: Cynthia Woolley

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF
THE STATE OF IDAHO, IN AND FOR BLAINE COUNTY

| | | |
|---|---|---|
| K. JILL BOLTON, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. CV-00-6776 |
| | ) | |
| vs. | ) | DISQUALIFICATION |
| | ) | AND ORDER |
| DOUGLAS A. WERTH, an individual; BLAINE | ) | |
| COUNTY, a political subdivision; and DOES | ) | |
| 1 – 25 inclusive, | ) | |
| | ) | |
| Defendant, | ) | |

Comes now, **James J. May**, District Judge in the above entitled Court, disqualifies himself from hearing the above entitled case and petitions the Administrative Judge, R. Barry Wood, to appoint another District Judge to hear the above entitled case.

Dated this 28th day of June, 2000.

James J. May, District Judge

**ORDER**

In accordance with the above motion of James J. May, District Judge, and good cause appearing therefore:

IT IS HEREBY ORDERED that the above entitled matter is hereby assigned to the Honorable _____ District Judge, who shall have full power to hear trial of said case and all other matters relating thereto.

DATED this _____ day of _____, 2000.

_____
R. Barry Wood
Administrative Judge

pc: Cynthia Woolley

COPY

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF
THE STATE OF IDAHO, IN AND FOR BLAINE COUNTY

K. JILL BOLTON, an individual,               )
                                             )
              Plaintiff,                      )        CASE NO. CV-00-6776
                                             )
vs.                                          )        DISQUALIFICATION
                                             )        AND ORDER
DOUGLAS A. WERTH, an individual; BLAINE      )
COUNTY, a political subdivision; and DOES    )
1 – 25 inclusive,                            )
                                             )
              Defendant,                      )
_____ )

_(handwritten: Petition for Fee Status Cont.)_

        Comes now, **James J. May**, District Judge in the above entitled Court, disqualifies himself from
hearing the above entitled case and petitions the Administrative Judge, R. Barry Wood, to appoint another
District Judge to hear the above entitled case.

        Dated this 28th day of June, 2000.


                                          _____
                                          James J. May, District Judge

                        **ORDER**

        In accordance with the above motion of James J. May, District Judge, and good cause appearing
therefore:

        IT IS HEREBY ORDERED that the above entitled matter is hereby assigned to the Honorable
J. William Hart          District
Judge, who shall have full power to hear trial of said case and all other matters relating thereto.

        DATED this 29th day of ___June___ 2000.


                                          _____
                                          R. Barry Wood
                                          Administrative Judge

pc: Cynthia Woolley

Candy W. Dale, ISB #2909
HALL, FARLEY, OBERRECHT & BLANTON, P.A.
702 West Idaho, Suite 700
Post Office Box 1271
Boise, Idaho 83701
Telephone:  (208) 395-8500
Facsimile:  (208) 395-8585
W:\14\14-000\298\AcceptService.wpd

Attorneys for Defendants

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF BLAINE

|  |  |
|---|---|
| K. JILL BOLTON, and individual,<br><br>         Plaintiff,<br><br>vs.<br><br>DOUGLAS A. WERTH, an individual;<br>BLAINE COUNTY, a political subdivision;<br>and DOES 1-25 inclusive,<br><br>         Defendants. | Case No.  CV-00-6776<br><br>**ACCEPTANCE OF SERVICE** |

I, the undersigned, Candy W. Dale, do hereby acknowledge and accept service as counsel for

Defendants herein and acknowledge receipt of a copy of the Complaint in the above entitled matter, on the

29th day of June, 2000.

DATED this _30th_ day of June, 2000.

HALL, FARLEY, OBERRECHT
& BLANTON, P.A.

By _Candy W. Dale_

Candy W. Dale - Of the Firm
Attorneys for Defendants

STATE OF IDAHO )
                        :ss.
County of Ada         )

On this _30th_ day of June, 2000, before me, the undersigned, a notary public in and for said county and state, personally appeared Candy W. Dale, known or identified to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that she executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year in this certificate first above written.

Notary Public for Idaho
Residing at _Nampa, ID_
Commission expires _04-01-04_

ACCEPTANCE OF SERVICE - 2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _30th_ day of June, 2000, I caused to be served a true copy of the foregoing ACCEPTANCE OF SERVICE, by the method indicated below, and addressed to each of the following:

Cynthia Woolley
Attorney at Law
P.O. Box 996
Sun Valley, ID 83353

✓ U.S. Mail, Postage Prepaid
____ Hand Delivered
____ Overnight Mail
____ Telecopy


_____
Candy W. Dale

# ORIGINAL



Candy W. Dale, ISB #2909
HALL, FARLEY, OBERRECHT & BLANTON, P.A.
702 West Idaho, Suite 700
Post Office Box 1271
Boise, Idaho 83701
Telephone: (208) 395-8500
Facsimile: (208) 395-8585
W:\14\14-000.298\AcceptService.wpd

Attorneys for Defendants

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF BLAINE

| | |
|---|---|
| K. JILL BOLTON, and individual,<br><br>        Plaintiff,<br><br>vs.<br><br>DOUGLAS A. WERTH, an individual;<br>BLAINE COUNTY, a political subdivision;<br>and DOES 1-25 inclusive,<br><br>        Defendants. | Case No. CV-00-6776<br><br>**ACCEPTANCE OF SERVICE** |

I, the undersigned, Candy W. Dale, do hereby acknowledge and accept service as counsel for

Defendants herein and acknowledge receipt of a copy of the Complaint in the above entitled matter, on the

29th day of June, 2000.

ACCEPTANCE OF SERVICE - 1

DATED this 30th day of June, 2000.

HALL, FARLEY, OBERRECHT
& BLANTON, P.A.

By _Candy Dale_____

Candy W. Dale - Of the Firm
Attorneys for Defendants

STATE OF IDAHO    )
                  :ss.
County of Ada     )

On this 30th day of June, 2000, before me, the undersigned, a notary public in and for said county and state, personally appeared Candy W. Dale, known or identified to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that she executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year in this certificate first above written.

JULIE A. SHIPLEY
NOTARY
PUBLIC
STATE OF IDAHO

_____
Notary Public for Idaho
Residing at Nampa, ID
Commission expires   04-01-04

ACCEPTANCE OF SERVICE - 2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _30th_ day of June, 2000, I caused to be served a true copy of the foregoing ACCEPTANCE OF SERVICE, by the method indicated below, and addressed to each of the following:

Cynthia Woolley
Attorney at Law
P.O. Box 996
Sun Valley, ID 83353

_✓_ U.S. Mail, Postage Prepaid
____ Hand Delivered
____ Overnight Mail
____ Telecopy

_____
Candy W. Dale

ACCEPTANCE OF SERVICE - 3

# EXHIBIT D

Candy W. Dale, ISB #2909
Jenny B. Carey, ISB #5648
HALL, FARLEY, OBERRECHT & BLANTON, P.A.
702 West Idaho, Suite 700
Post Office Box 1271
Boise, Idaho 83701
Telephone: (208) 395-8500
Facsimile: (208) 395-8585
W:\14\14-000.298\Removal-Not.State.wpd

Attorneys for Defendants

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF BLAINE

| | |
|---|---|
| K. JILL BOLTON, and individual,<br><br>    Plaintiff,<br><br>vs.<br><br>DOUGLAS A. WERTH, an individual;<br>BLAINE COUNTY, a political subdivision;<br>and DOES 1-25 inclusive,<br><br>    Defendants. | Case No.  CV-00-6776<br><br>**NOTICE OF REMOVAL OF CASE<br>FROM STATE COURT TO U.S.<br>DISTRICT COURT** |

TO: The Clerk of the above-entitled Court:

 PLEASE TAKE NOTICE that on the *14th* day of July, 2000, the above-named defendants,

Douglas A. Werth and Blaine County, filed in the United States District Court for the District of Idaho a

Notice of Removal to remove the above-entitled action to that Court pursuant to 28 U.S.C. § 1446. A

NOTICE OF REMOVAL OF CASE FROM STATE COURT TO U.S. DISTRICT COURT - 1

true and correct copy of the Notice of Removal is attached hereto for filing.

RESPECTFULLY SUBMITTED this _14th_ day of July, 2000.

HALL, FARLEY, OBERRECHT
& BLANTON, P.A.

By _____
Candy W. Dale - Of the Firm
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _14th_ day of July, 2000, I caused to be served a true copy of the foregoing NOTICE OF REMOVAL OF CASE FROM STATE COURT TO U.S. DISTRICT COURT, by the method indicated below, and addressed to each of the following:

Cynthia Woolley
Attorney at Law
P.O. Box 996
Sun Valley, ID 83353

X___  U.S. Mail, Postage Prepaid
___   Hand Delivered
___   Overnight Mail
___   Telecopy

_____
Candy W. Dale

NOTICE OF REMOVAL OF CASE FROM STATE COURT TO U.S. DISTRICT COURT - 2

Candy W. Dale, ISB #2909
Jenny B. Carey, ISB #5648
HALL, FARLEY, OBERRECHT & BLANTON, P.A.
702 West Idaho, Suite 700
Post Office Box 1271
Boise, Idaho 83701
Telephone: (208) 395-8500
Facsimile: (208) 395-8585
W.\14\14-000.298\Removal-Fed.wpd

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| K. JILL BOLTON, an individual, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL** |
| vs. | Filing Fee: $150.00 |
| DOUGLAS A. WERTH, an individual;<br>BLAINE COUNTY, a political subdivision;<br>and DOES 1-25 inclusive, | |
| Defendants. | |

COME NOW Defendants Douglas A. Werth and Blaine County, by and through the undersigned

counsel, for the purpose of removing this cause to the United States District Court for the District of Idaho,

and respectfully indicates to the Court the following:

      1.     Civil Action No. CV 00-6776 entitled <u>K. JILL BOLTON. an individual vs. DOUGLAS</u>

NOTICE OF REMOVAL - 1

A. WERTH, an individual; BLAINE COUNTY, a political subdivision; and DOES 1-25 inclusive, was

commenced against Defendants in the Fifth Judicial District of the State of Idaho, in and for the County of

Blaine. A copy of the Complaint in that action is attached hereto as Exhibit "A". This Complaint was filed

on June 27, 2000. Defendants accepted service on June 29, 2000. A copy of the Acceptance of Service

is attached hereto as Exhibit "B". The contents of the state court file are attached hereto as Exhibit "C".

2.     This action is a civil proceeding over which, pursuant to 28 U.S.C. § 1331, the United

States District Court has jurisdiction. By the terms of the Complaint, the Plaintiff states the following claims

arising under the laws or Constitution of the United States: (a) plaintiff's first claim for relief alleges

discrimination based on sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et

seq.* ("Title VII"); (b) plaintiff's second claim for relief alleges retaliation in violation of Title VII; (c)

plaintiff's third claim for relief alleges violations of plaintiff's federally protected rights under 42 U.S.C.

§ 1983; (d) plaintiff's fourth claim for relief alleges violations of the First Amendment of the United States

Constitution; and (e) plaintiff's tenth claim for relief alleges violations of the Equal Pay Act, 29 U.S.C.

§ 206(d). All of plaintiff's claims derive from a common nucleus of operative facts.

3.     This Notice of Removal is timely. 28 U.S.C. § 1446(b) requires a notice of removal be

filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the

initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

4.     Attached hereto as Exhibit "D" is a true and correct copy of the Notice of Removal of Case

From State Court to U.S. District Court filed with the Fifth Judicial District Court of the State of Idaho,

in and for the County of Blaine.

5.     The above-described action is a civil action of which this Court has original jurisdiction

under the provisions of 28 U.S.C. § 1331 and is one which may be removed to this Court pursuant to the

provisions of 28 U.S.C. §§ 1441 and 1446, in that it is a civil action wherein the Plaintiff has brought a claim arising under the laws and Constitution of the United States, and all of Plaintiff's claims derive from a common nucleus of operative facts.

6.      Defendants have served a copy of this Notice of Removal upon plaintiff's counsel and also have filed a copy of it with the Clerk of the District Court of the Fifth Judicial District of the State of Idaho, in and for the County of Blaine, on the same date of the filing of this Notice with this Court.

DATED this _____ day of July, 2000.

HALL, FARLEY, OBERRECHT
& BLANTON, P.A.


By_____
Candy W. Dale - Of the Firm
Attorneys for Defendants


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _____ day of July, 2000, I caused to be served a true copy of the foregoing NOTICE OF REMOVAL, by the method indicated below, and addressed to each of the following:

| | |
|---|---|
| Cynthia Woolley | __X__ U.S. Mail, Postage Prepaid |
| Attorney at Law | ____ Hand Delivered |
| P.O. Box 996 | ____ Overnight Mail |
| Sun Valley, ID 83353 | ____ Telecopy |


_____
Candy W. Dale

NOTICE OF REMOVAL - 3

A. WERTH, an individual; BLAINE COUNTY, a political subdivision; and DOES 1-25 inclusive, was

commenced against Defendants in the Fifth Judicial District of the State of Idaho, in and for the County of

Blaine. A copy of the Complaint in that action is attached hereto as Exhibit "A". This Complaint was filed

on June 27, 2000. Defendants accepted service on June 29, 2000. A copy of the Acceptance of Service

is attached hereto as Exhibit "B". The contents of the state court file are attached hereto as Exhibit "C".

2.     This action is a civil proceeding over which, pursuant to 28 U.S.C. § 1331, the United

States District Court has jurisdiction. By the terms of the Complaint, the Plaintiff states the following claims

arising under the laws or Constitution of the United States: (a) plaintiff's first claim for relief alleges

discrimination based on sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et

seq.* ("Title VII"); (b) plaintiff's second claim for relief alleges retaliation in violation of Title VII; (c)

plaintiff's third claim for relief alleges violations of plaintiff's federally protected rights under 42 U.S.C.

§ 1983; (d) plaintiff's fourth claim for relief alleges violations of the First Amendment of the United States

Constitution; and (e) plaintiff's tenth claim for relief alleges violations of the Equal Pay Act, 29 U.S.C.

§ 206(d). All of plaintiff's claims derive from a common nucleus of operative facts.

3.     This Notice of Removal is timely. 28 U.S.C. § 1446(b) requires a notice of removal be

filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the

initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

4.     Attached hereto as Exhibit "D" is a true and correct copy of the Notice of Removal of Case

From State Court to U.S. District Court filed with the Fifth Judicial District Court of the State of Idaho,

in and for the County of Blaine.

5.     The above-described action is a civil action of which this Court has original jurisdiction

under the provisions of 28 U.S.C. § 1331 and is one which may be removed to this Court pursuant to the

provisions of 28 U.S.C. §§ 1441 and 1446, in that it is a civil action wherein the Plaintiff has brought a

claim arising under the laws and Constitution of the United States, and all of Plaintiff's claims derive from

a common nucleus of operative facts.

6.    Defendants have served a copy of this Notice of Removal upon plaintiff's counsel and also

have filed a copy of it with the Clerk of the District Court of the Fifth Judicial District of the State of Idaho,

in and for the County of Blaine, on the same date of the filing of this Notice with this Court.

DATED this ____ day of July, 2000.

HALL, FARLEY, OBERRECHT
& BLANTON, P.A.


By _____
Candy W. Dale - Of the Firm
Attorneys for Defendants


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ____ day of July, 2000, I caused to be served a true copy of
the foregoing NOTICE OF REMOVAL, by the method indicated below, and addressed to each of the
following:

Cynthia Woolley                              __X__ U.S. Mail, Postage Prepaid
Attorney at Law                              _____ Hand Delivered
P.O. Box 996                                 _____ Overnight Mail
Sun Valley, ID 83353                         _____ Telecopy


_____
Candy W. Dale

NOTICE OF REMOVAL - 3

# EXHIBIT A

ORIGINAL

Cynthia Woolley
Attorney at Law
P.O. Box 996
Sun Valley, ID 83353
Tel: (208) 622-2783
Fax: (208) 622 1607
ISB # 6018



FILED AM/PM 4:45
MARSHA RIEM
JUN 27 2000
CLERK DISTRICT
COURT BLAINE COUNTY IDAHO

Attorney for Plaintiff K. Jill Bolton

# IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT

# OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF BLAINE

| | |
|---|---|
| **K. JILL BOLTON, an individual,** | Case No.: CV-00-6776 |
| **Plaintiff,** | |
| **vs.** | **COMPLAINT** |
| **DOUGLAS A. WERTH, an individual;** | **JURY TRIAL DEMANDED** |
| **BLAINE COUNTY, a political subdivision;** | |
| **and DOES 1-25 inclusive,** | **Filing Fee:  $77.00** |
| **Defendants.** | **Fee Category:  A-1** |

Plaintiff K. Jill Bolton complains and alleges as follows:

## INTRODUCTION

1.      This is an action brought by K. Jill Bolton who suffered and continued to suffer

unlawful and retaliatory treatment by Douglas A. Werth, the Prosecuting Attorney of defendant

Blaine County, during her employment as Deputy Prosecuting Attorney of Blaine County.

## PARTIES

2.      Plaintiff K. Jill Bolton is an adult female residing in Blaine County, Idaho.  At all material times herein, Plaintiff was employed by defendant Blaine County as Deputy County Prosecuting Attorney.

3.      Defendant Douglas A. Werth is an individual residing in Blaine County.  At all material times herein, defendant Werth was the elected Prosecuting Attorney of Blaine County and the direct supervisor of Plaintiff.  Defendant Werth is sued both in his individual and in his official capacity as the employee or agent of Defendant Blaine County.

4.      Defendant Blaine County is a political subdivision of the State of Idaho with its principal offices located at 206 1st Avenue South, Hailey, County of Blaine, State of Idaho, and is actually the governing body of Blaine County.  Defendant Blaine County has employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

5.      Plaintiff is unaware of the true names and capacities, whether individual or otherwise, of defendants DOES 1 through 25, inclusive, and therefore sues these defendants by fictitious names.  Plaintiff is informed and believes, and on that basis alleges, that these DOE defendants, and each of them, are in some manner responsible and liable for the acts and/or damages alleged in this Complaint, and that among these DOE defendants are supervisory employees, elected officials and agents of defendants Blaine County and/or Douglas A. Werth. Plaintiff will amend this Complaint to allege the DOE defendants' true names and capacities when they have been ascertained.

## JURISDICTION AND VENUE

6.      This is an action for injunctive relief and damages arising under the laws of the United States and the State of Idaho.  Jurisdiction and venue are proper because the causes of action alleged in this Complaint arise out of Defendants' activities in Blaine County, Idaho.

## EXHAUSTION OF ADMINISTRATIVE REQUIREMENTS

7.      Plaintiff has exhausted all administrative and procedural requirements necessary to file this Complaint.

8.      Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission and received a Notice of Right to Sue from the Civil Rights Division of the U.S. Department of Justice dated May 23, 2000 and a Notice of Administrative Dismissal and Right To Sue from the Idaho Human Rights Commission dated June 19, 2000. This Complaint was filed within 90 days of receipt of the Notices of Right to Sue.

9.      Plaintiff filed a Notice of Claims for Damages against the defendant, Blaine County on March 27, 2000. The statutory period of 90 days has elapsed since the filing of the Notice of Claims. Blaine County is deemed to have denied the claims since it has failed to approve or deny the claims.

## FACTS COMMON TO ALL CLAIMS

10.     Plaintiff repeats the allegations set forth above in paragraphs 1 through 9, incorporates them herein by reference, and alleges as follows:

11.     Plaintiff was hired by defendant Werth as Deputy County Prosecutor for Blaine County in or about October, 1997 and is still so employed.

12.     At the time he hired Plaintiff, Werth promised Plaintiff that he would provide her with job opportunities and responsibilities to enable her to advance professionally in her career as a prosecuting attorney and run for election as County Prosecuting Attorney.

13.     Instead of performing according to his promise, Werth limited Plaintiff's exposure to opportunities and responsibilities that would advance her career and instead gave those opportunities and responsibilities to a male attorney who has less experience than Plaintiff.

14.    In reliance on Werth's promise that Plaintiff would be given opportunities to advance her career, Plaintiff turned down at least one other offer of employment; Plaintiff and her husband sold their house in Pocatello and moved to Hailey incurring moving and rental expenses; and Plaintiff's husband gave up a job making significantly more money than he can make in Blaine County.

15.    During Plaintiff's employment, Werth engaged in conduct that Plaintiff believed was in violation of County Policy was causing high employee turnover and exposed the County to employee lawsuits.  Plaintiff initially complained to Werth but he did not respond.  Since Werth is Plaintiff's only supervisor, she was forced to complain about Werth's conduct to the Blaine County Board of Commissioners in or about August 1999.

16.    The Blaine County Board of Commissioners did nothing in response to Plaintiff's complaint except to suggest that Plaintiff "try and work it out with Werth over drinks."

17.    Werth then began a course of retaliation against Plaintiff for reporting his conduct to the Board of Commissioners.  Werth's retaliation of Plaintiff has continued to the present.

18.    Werth prohibited Plaintiff, but not the male attorneys from speaking with the press and the media.

19.    In or about the summer of 1999, Werth promised Plaintiff that in the event the office of the County Prosecutor obtained the City of Hailey contract to prosecute misdemeanor cases, Werth would hire a new attorney and that he would promote Plaintiff to the position of Chief Civil Deputy.  He told Plaintiff that the responsibility for misdemeanors would go to the new attorney.  Plaintiff told him she would accept that promotion.  When the office got the City contract, instead of giving Plaintiff the promotion, he delegated the responsibilities he had promised to her to a male attorney with much less experience than Plaintiff had

20.    In the course and scope of his employment as County Prosecutor, and/or individually Werth intentionally and with malice has taken, and continues to take, actions against

Plaintiff intended to discriminate against her, thwart her professional advancement, damage her professional reputation and intimidate her. These actions include, but are not limited to the following:

    (a)    Werth gave responsibilities for felony and civil matters to a male attorney with less experience than plaintiff had;

    (b)    Werth has excluded Plaintiff from the regular meeting of the Child Abuse Response Team, despite the fact that Plaintiff handles at least half of the child abuse cases in the office of the County Prosecutor.

    (c)    Although Plaintiff handles the majority of domestic violence cases and wrote and administered two successful STOP grant applications under the Violence Against Women Act, Werth has excluded Plaintiff since the fall of 1999 from meetings of the Blaine County Domestic Violence Task Force.

    (d)    In January 2000, although Plaintiff has over four years' experience in handling these matters, and initiated the Protective Custody Task Force, Werth took away her responsibilities in mental commitment proceedings.

    (e)    In the fall of 1999, Werth told Plaintiff that Plaintiff was not to speak with the Blaine County Commission about her concerns about his treatment of her and other employees. He repeated that admonition in his February 14, 2000 letter to Cynthia Woolley, attorney for Plaintiff.

    (f)    In the fall of 1999, Plaintiff applied for continued funding of the STOP Grant award for the office and requested funding for her training at a national conference on domestic violence. Werth took this request out of the proposal effectively denying Plaintiff the national conference training. The STOP Grant Administrators in Boise invited Plaintiff to participate with a representative from the Advocates for Survivors of Domestic Violence

in Hailey (the only two Idaho representatives chosen by the Boise Administrators) in an all-expense paid training in Tulsa, Oklahoma. Werth did not permit Plaintiff to go and sent a male police detective in her place.

(g)     In February, 2000, Werth excluded Plaintiff from the Idaho Prosecuting Attorney's Association Winter Conference even though Plaintiff had previously attended all conferences along with the male attorneys.

(h)     In January, 2000, Werth sent only male employees to Power Point classes, excluding Plaintiff from learning about that technology which is used for trial. This is despite the fact that Plaintiff was available for the class and that her criminal trial load is at least three times as great as any male attorney's.

(i)     Werth arbitrarily denied Plaintiff's vacation request of two days in February, 2000 even though he routinely grants vacation requests for the male attorneys.

(j)     In the late summer of 1999, Werth ordered Plaintiff to move her office across the street from the main prosecutor's office. In October, 1999, a male attorney was hired and given an office in the main building. To the present, the male attorneys have maintained their offices in the main building. As a result, Plaintiff is routinely excluded from main office privileges and benefits including meetings and discussions among the attorneys.

(k)     Werth has repeatedly refused Plaintiff's requests for adequate computer and technological support. Werth hired a computer technician to set up the computers, software, internet and legal research access in the main office where the male attorneys work. Werth did not hire a technician to set up Plaintiff's computer, software, internet and legal research access. Instead, he directed Plaintiff to go out and buy the internet software and

hardware (including telephone wires, etc.) on her own and told her that she would be responsible for setting up her own research software and internet access.

(l)     Even though Plaintiff is not the least experienced attorney, because Plaintiff is isolated in the office across the street and due to the high turnover of secretaries in the office, Plaintiff's office is the training ground for new secretaries. Plaintiff's secretary is transferred to the main office whenever Werth or other male attorneys' secretaries quit or go on leave.

(m)     On February 3, 2000, Werth issued a notice of disciplinary hearing to Plaintiff. This previously unknown process and procedure is prohibited by the Blaine County Personnel Manual. No male attorney has ever received such a notice from Werth and the charges it makes are unfounded.

(n)     In the fall of 1999, Werth promised Plaintiff that he would take a frivolous written warning out of Plaintiff's file that he had placed there in the fall of 1999. As of January 24, 2000, the last time Plaintiff was permitted to see her original personnel file, it was still there.

(o)     After Plaintiff informed Werth that she was bringing charges of discrimination against her employer, Werth issued another written warning raising many of the same unfounded claims he had already made against her. In accordance with County Policy, Plaintiff in March 2000 submitted a written demand that the written warning be removed from her personnel file. Werth has never responded.

(p)     Werth kept out of Plaintiff's file items complimenting her performance and in fact never brought them to her attention when he received them. These include a letter

from Magistrate Judge Elgee concerning her performance in matters before him and a letter from Gene Ramsey, Blaine County Chief Sheriff's Deputy, commending her performance.

(q)     Werth made false statements about Plaintiff's performance as an attorney to other attorneys further damaging her reputation in the community;

(r)     Werth invents new policies and enforces them against Plaintiff but not against the male attorneys; often abruptly changing his policies and expecting Plaintiff to adapt.

21.     The history of pay increases for Blaine County attorneys during Werth's tenure as County Prosecutor shows a pattern of discrimination on the basis of sex. Blaine County has repeatedly given Plaintiff lower pay raises than it gives the male attorneys. Even though Werth promised all the attorneys a 3% cost of living allowance increase in October, 1999, Plaintiff's increase was only about 2.6% while every male attorney received a 3% COLA. Blaine County started Plaintiff at a lower pay rate than it did another similarly situated male attorney, taking into account experience and inflation.

22.     The Blaine County Board of Commissioners knew of Werth's actions described above and did nothing to prevent him from continuing to discriminate and retaliate against Plaintiff, and violate County Policy, state and federal law and the United States Constitution.

### FIRST CLAIM FOR RELIEF

### Discrimination on the Basis of Sex in Violation of Title VII

### (Against Blaine County)

23.     Plaintiff repeats the allegations set forth above in paragraphs 1 through 22, incorporates them herein by reference, and alleges as follows:

24.     At all times material herein defendant Blaine County has been a covered employer subject to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

25.     Plaintiff has been employed by Blaine County since October, 1997.  During the period of Plaintiff's employment by defendant Blaine County and continuing to the present, Blaine County through its agents and employees and elected officials discriminated against her with respect to her compensation because of her sex, by paying her substantially less than a similarly situated male employee, and by giving her lower pay raises than a similarly situated male employee.  By so doing, defendant Blaine County committed an unlawful employment practice in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

26.     During the period of Plaintiff's employment by defendant Blaine County and continuing to the present, Blaine County through its agents and employees and elected officials has discriminated against her by limiting, segregating, or classifying her in a way which deprived or tended to deprive her opportunities and/or otherwise adversely affected her status as an employee, because of her sex.  By so doing, defendant Blaine County committed an unlawful employment practice in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

27.     During the period of Plaintiff's employment by defendant Blaine County and continuing to the present, Blaine County through its agents, employees and elected officials discriminated against Plaintiff with respect to the terms, conditions, and privileges of her employment because of her sex by, among other things, providing her with less instruction, support and training than it provided to a similarly situated male employee; denying her opportunities for advancement and increased responsibility that were given to a similarly situated male employee; denying her access to the press and the media that was given to a similarly situated male employee; and subjecting her to discipline that it did not impose on a similarly situated male employee.  By so doing, defendant Blaine County committed an unlawful

employment practice in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

28.     The above-described unlawful employment practices were committed intentionally.

## SECOND CLAIM FOR RELIEF

### Retaliation in Violation of Title VII

### (Against Blaine County)

29.     Plaintiff repeats the allegations set forth above in paragraphs 1 through 28, incorporates them herein by reference, and alleges as follows:

30.     Plaintiff notified Blaine County on February 14, 2000 that she had initiated charges of employment discrimination against defendant Blaine County with the United States Equal Employment Opportunity commission.

31.     During the period from February 14, 2000 and continuing to the present, defendant Blaine County intentionally retaliated against Plaintiff with respect to the terms, conditions, and privileges of her employment because Plaintiff filed the discrimination charges referred to above.  By so doing, defendant Blaine County committed an unlawful employment practice in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

## THIRD CLAIM FOR RELIEF

### Violation of Federally Protected Rights - 42 U.S.C. § 1983 (Title VII)

### (Against Douglas A. Werth and Blaine County)

32.     Plaintiff repeats the allegations set forth above in paragraphs 1 through 31, incorporates them herein by reference, and alleges as follows:

33.     Defendant Werth individually and as agent or employee of defendant Blaine County, acting under color of state law, has violated Plaintiff's federal rights protected by Title

VII of the Civil Rights Act of 1964 by discriminating and retaliating against her on the basis of her sex as alleged herein.

## FOURTH CLAIM FOR RELIEF

### Violation of Federally Protected Rights - 42 U.S.C. § 1983 (First Amendment)

### (Against Douglas A. Werth and Blaine County)

34.     Plaintiff repeats the allegations set forth above in paragraphs 1 through 33, incorporates them herein by reference, and alleges as follows:

35.     Defendant Werth individually and as agent for defendant Blaine County, acting under color of state law, has deprived Plaintiff of her federal rights protected by the First Amendment of the United States Constitution by prohibiting her from speaking to the press and the media and by prohibiting her from speaking to the Board of County Commissioners about violations of law and County Policy by defendant Werth as alleged above.

## FIFTH CLAIM FOR RELIEF

### Idaho Human Rights Act

### (Against Blaine County)

36.     Plaintiff repeats the allegations set forth above in paragraphs 1 through 35, incorporates them herein by reference, and alleges as follows:

37.     The acts of defendant Blaine County as alleged in the First and Second Claims for Relief above constitute a violation of the Idaho Human Rights Act, Idaho Code §§ 67-5901, et seq.

## SIXTH CLAIM FOR RELIEF

### Fraudulent Inducement to Enter Into Employment Contract

### (Against Douglas A. Werth and Blaine County)

38.     Plaintiff repeats the allegations set forth above in paragraphs 1 through 37, incorporates them herein by reference, and alleges as follows:

39.     Plaintiff's agreement to enter into the employment contract with Blaine County was obtained by fraud.

40.     Werth made false representations and concealed facts as alleged in Paragraphs 10 through 14, above.

41.     When Werth made these representations, he knew them to be false and made them with the intention to deceive and defraud Plaintiff and to induce her to act in reliance on these representations or with the expectation that Plaintiff would rely on them.

42.     Plaintiff, at the time these representations were made by Werth and at the time Plaintiff acted in reliance on them, was unaware of the falsity of the representations and believed them to be true.

43.     In reliance on these representations, Plaintiff was induced to and did enter into the employment contract with Blaine County and did move from Pocatello to Hailey, Idaho, sell her home in Pocatello, purchase a home in Hailey and forwent other opportunities of employment elsewhere.

44.     Had Plaintiff known the actual facts, she would not have entered into any such agreement with Blaine County.

45.     Plaintiff's reliance on Werth's representations was justified because as the Blaine County Prosecuting Attorney, Werth was authorized to hire deputy county prosecutors.

46.     As a proximate result of Werth's fraudulent conduct, Plaintiff was induced to incur substantial costs and expenses to relocate herself and her family and to forego other employment opportunities which would have provided her with increased responsibility and opportunity for advancement and increased salary.

47.     Werth's conduct was an intentional misrepresentation, deceit, or concealment of a material fact known to Werth with the intention of Werth of thereby depriving Plaintiff of career

advancement and salary increases, or otherwise causing injury, and was fraudulent, malicious, and oppressive.

## SEVENTH CLAIM FOR RELIEF

### Misrepresentation and Deceit

### (Against Douglas A. Werth and Blaine County)

48.     Plaintiff repeats the allegations set forth above in paragraphs 1 through 47, incorporates them herein by reference, and alleges as follows:

49.     Werth made false representations and concealed facts as alleged in Paragraph 19, above.

50.     Douglas A. Werth intentionally misrepresented to Plaintiff that he would promote her and increase her salary, and give her certain job responsibilities.

51.     When Werth made these representations, he knew them to be false and made them with the intention to deceive and defraud Plaintiff and to induce her to act in reliance on these representations or with the expectation that Plaintiff would rely on them.

52.     Plaintiff, at the time these representations were made by Werth and at the time Plaintiff acted in reliance on them, was unaware of the falsity of the representations and believed them to be true.

53.     Plaintiff relied on Werth's misrepresentations by remaining in her job as deputy county prosecutor and not seeking other employment where she would be given the types of responsibilities and increased salary promised her by Werth.

54.     Plaintiff's reliance on Werth's representations was justified because as the Blaine County Prosecuting Attorney, Werth had the authority to promote Plaintiff, increase her salary and determine her job responsibilities.

55.     Werth's conduct was an intentional misrepresentation, deceit, or concealment of a material fact known to Werth with the intention of Werth of thereby depriving Plaintiff of career

advancement and salary increases, or otherwise causing injury, and was fraudulent, malicious, and oppressive.

## EIGHTH CLAIM FOR RELIEF

### Breach of the Implied Covenant of Good Faith and Fair Dealing

### (Against Blaine County)

56.     Plaintiff repeats the allegations set forth above in paragraphs 1 through 55, incorporates them herein by reference, and alleges as follows:

57.     Implicit in the employment relationship between Plaintiff and Blaine County is a covenant of good faith and fair dealing that protects Plaintiff's right to receive the benefits of the agreement.

58.     Blaine County has violated, nullified or significantly impaired the benefits Plaintiff has a right to receive from the County and its agents, including Werth, pursuant to the covenant of good faith and fair dealing.

59.     In the course and scope of his employment as County Prosecutor, Werth, in bad faith and with malice violated, nullified or significantly impaired the benefits Plaintiff has a right to receive by, among other things, disciplining plaintiff in a manner contrary to County Policy; failing treat Plaintiff in accordance with County Policy; denying her promotion, opportunities for career advancement and opportunities and benefits accorded other attorneys; failing to treat her equally to the male attorneys in terms and conditions of employment and pay; retaliating against her and damaging her professional reputation.

## NINTH CLAIM FOR RELIEF

### Tortious Interference With Prospective Economic Advantage

### (Against Douglas A. Werth and Blaine County)

60.     Plaintiff repeats the allegations set forth above in paragraphs 1 through 59, incorporates them herein by reference, and alleges as follows:

61.    Plaintiff had a valid economic expectancy in career advancement and pay raises and cost of living allowances at least equal to that of male employees.

62.    Werth, in the course and scope of his employment as County Prosecutor and intentionally and with malice, deprived and continues to deprive Plaintiff of experience with felony and civil cases despite the fact that he hired her to take those types of cases and that she was competent to handle them.  By limiting her exposure to these cases, he not only has limited her daily experience and career advancement, he has damaged her marketability and earning capacity in this and other jurisdictions.

63.    Werth, in the course and scope of his employment as County Prosecutor and intentionally and with malice, deprived and continues to deprive Plaintiff of access to the press and the media.  By limiting Plaintiff's exposure to the media, Werth has further limited Plaintiff's earning potential and marketability in other counties as well as her ability to develop a reputation in this community.

## TENTH CLAIM FOR RELIEF

### Equal Pay Act, 29 U.S.C. § 206(d)

### (Against Blaine County)

64.    Plaintiff repeats the allegations set forth above in paragraphs 1 through 63, incorporates them herein by reference, and alleges as follows:

65.    At all times herein, Defendant Blaine County is an employer covered by the Equal Pay Act. 29 U.S.C. § 206(d).

66.    Defendant Blaine County has discriminated against Plaintiff on the basis of sex by paying her salary, salary increases and bonuses at a rate less than the rate at which it pays male employees for substantially equal work requiring comparable skill, effort and responsibility under similar working conditions.

67.    Defendant Blaine County's violation of the Equal Pay Act was intentional and entitles Plaintiff to the unpaid wages plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs.

## ELEVENTH CLAIM FOR RELIEF

### Discriminatory Wage Rate, Idaho Code §§ 44-1701, et seq.

### (Against Blaine County)

68.    Plaintiff repeats the allegations set forth above in paragraphs 1 through 67, incorporates them herein by reference, and alleges as follows:

69.    Defendant Blaine County has discriminated against Plaintiff on the basis of sex by paying her wages at a rate less than the rate at which it pays male employees for comparable work requiring comparable skill, effort and responsibility.

70.    Defendant Werth caused or attempted to cause Blaine County to discriminate against Plaintiff in violation of Idaho Code §§ 44-1701, et seq.

71.    The violations of Idaho Code §§ 44-1701, et seq. were committed by defendants wilfully and entitle Plaintiff to the unpaid wages plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs.

## TWELFTH CLAIM FOR RELIEF

### Violation Of Idaho Protection Of Public Employees Act, Idaho Code §§ 6-2101 – 6-2109

### (Against Douglas A. Werth and Blaine County)

72.    Plaintiff repeats the allegations set forth above in paragraphs 1 through 71, incorporates them herein by reference, and alleges as follows:

73.    Plaintiff communicated in good faith to the County Board of Commissioners the existence of a waste of public funds and manpower, a violation or suspected violation of law, rule or regulation adopted under the law of this state, a political subdivision of this state or the

United States.  Plaintiff's communication was based on Werth's and/or suspected violations of County Policy and state and federal law.

74.     After Plaintiff communicated the above to the County Board of Commissioners and continuing to the present, Werth has taken adverse action against Plaintiff in retaliation for her communication to the County Board of Commissioners.

## THIRTEENTH CLAIM FOR RELIEF

### Negligent Supervision

### (Against Blaine County)

75.     Plaintiff repeats the allegations set forth above in paragraphs 1 through 74, incorporates them herein by reference, and alleges as follows:

76.     As the Board of Commissioners for Defendant Blaine County, the Blaine County Board of Commissioners is charged with the duty of supervising elected officials.

77.     The Board of Commissioners has failed to exercise ordinary care in its supervision of Werth, the elected County Prosecuting Attorney.

78.     As a proximate result of the Board of Commissioners' failure to exercise ordinary care in its supervision of Werth, Werth has been permitted to commit violations of County policy, state and federal law and the United States Constitution and has been permitted to continue to commit such violations.

79.     As a proximate result of the Blaine County Board of Commissioners' failure to exercise ordinary care in its supervision of Werth, Plaintiff has suffered and continues to suffer loss of professional reputation and pecuniary loss.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

## PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court:

## INJUNCTIVE RELIEF

Grant a permanent injunction against the defendants, their officers, agents, successors employees, elected officials, attorneys, and other representatives and those in active service or otherwise, enjoining them from engaging in further unlawful employment practices of the kind alleged in this Complaint.

Grant a permanent injunction against the defendants, their officers, agents, successors employees, elected officials, attorneys, and other representatives and those in active service or otherwise, enjoining them from engaging in further violations of County policy.

Order the defendant to make whole Plaintiff by providing her with back pay equal to the amount she could reasonably have expected to earn in defendant's employ but for the unlawful employment practices committed by defendant;

## DAMAGES

For an award damages against Douglas A. Werth and Blaine County in an amount to be proven at trial;

## ATTORNEYS' FEES AND COSTS

For costs of suit and attorneys' fees.

## OTHER

For prejudgment and post judgment interest

For any other relief that is just and proper.

Dated this 27th day of June, 2000.

Cynthia Woolley
Attorney at Law

By: _____
Cynthia Woolley
Attorney for Plaintiff

COMPLAINT - 18

## VERIFICATION

STATE OF IDAHO         )
                                ) ss.

County of Blaine           )

K. Jill Bolton, being first duly sworn , deposes and says:

1.     I am the Plaintiff herein;

2.     I have read the foregoing Complaint, knows the contents thereof and that the facts

therein stated are true to the best of my knowledge, information and belief.

                                     K. Jill Bolton
                                     Plaintiff

SUBSCRIBED AND SWORN to this 27th day of June, 2000.

                              Notary Public in and for the State of Idaho,
                              residing at _Ketchum_, therein.
                              My Commission expires _4/29/2003_ .

**EXHIBIT B**

# ORIGINAL



Candy W. Dale, ISB #2909
HALL, FARLEY, OBERRECHT & BLANTON, P.A.
702 West Idaho, Suite 700
Post Office Box 1271
Boise, Idaho 83701
Telephone: (208) 395-8500
Facsimile: (208) 395-8585
W:\14\14-000.298\AcceptService.wpd

Attorneys for Defendants

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF BLAINE

| | |
|---|---|
| K. JILL BOLTON, and individual,<br><br>    Plaintiff,<br><br>vs.<br><br>DOUGLAS A. WERTH, an individual;<br>BLAINE COUNTY, a political subdivision;<br>and DOES 1-25 inclusive,<br><br>    Defendants. | Case No. CV-00-6776<br><br>**ACCEPTANCE OF SERVICE** |

   I, the undersigned, Candy W. Dale, do hereby acknowledge and accept service as counsel for

Defendants herein and acknowledge receipt of a copy of the Complaint in the above entitled matter, on the

29th day of June, 2000.

ACCEPTANCE OF SERVICE - 1

DATED this _30__ day of June, 2000.

                        HALL, FARLEY, OBERRECHT
                        & BLANTON, P.A.


                        By _____

                           Candy W. Dale - Of the Firm
                           Attorneys for Defendants


STATE OF IDAHO   )
                 :ss.
County of Ada    )

On this _30__ day of June, 2000, before me, the undersigned, a notary public in and for said county and state, personally appeared Candy W. Dale, known or identified to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that she executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year in this certificate first above written.

_____
Notary Public for Idaho
Residing at Nampa, ID
Commission expires 04-01-04

ACCEPTANCE OF SERVICE - 2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _30th_ day of June, 2000, I caused to be served a true copy of the foregoing ACCEPTANCE OF SERVICE, by the method indicated below, and addressed to each of the following:

Cynthia Woolley
Attorney at Law
P.O. Box 996
Sun Valley, ID 83353

_✓_ U.S. Mail, Postage Prepaid
____ Hand Delivered
____ Overnight Mail
____ Telecopy


Candy W. Dale

ACCEPTANCE OF SERVICE - 3