Scott L. Burnum
Attorney at Law ISB 2213
Post Office Box 1392
Boise, Idaho 83701-1392
theburn@att.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| KENNETH E. CROSBY,<br>　　　　　　　　Plaintiff,<br>v.<br>KARL KURTZ, DIRECTOR OF THE IDAHO<br>DEPARTMENT OF HEALTH AND WELFARE,<br>　　　　　　　　Defendant. | Case No. CIV00-386-S-EJL |

### PLAINTIFF'S SUPPLEMENTAL DOCUMENTATION IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT

COMES NOW, Plaintiff Kenneth E. Crosby, and at the request of the Court provides copies of:

1. IDHW Policy 19B4, and
2. IDAPA 15.04.01, Sec. 200.06.

**Dated**, this ___4th___ day of November, 2002.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Scott L. Burnum
　　　　　　　　　　　　　　　　Attorney for Plaintiff

PLAINTIFF'S SUPPLEMENTAL DOCUMENTATION -1-

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused a true copy of this Response to be served by causing the same to be:

[X] deposited with the United States Postal Service at Boise, Idaho, in a postage prepaid envelope addressed to: Brassey, Wetherell, Crawford & McCurdy, Post Office Box 1009, Boise, Idaho 83701-1009

[ ] delivered during normal business hours to the office of: Brassey, Wetherell, Crawford & McCurdy, 1001 W. Idaho St., Boise, Idaho 83702

[ ] transmitted by facsimile machine to Fax 344-7077, with a confirmation copy deposited with the United States Postal Service at Boise, Idaho, in a postage prepaid envelope addressed to: Brassey, Wetherell, Crawford & McCurdy   Post Office Box 1009, Boise, Idaho 83701

Dated, this ___4 th___ day of November, 2002.

_____
Scott L. Burnum

19A. General Requirements

    19A1.    <u>Authority</u>. The Department Director, pursuant to Idaho Code Section 67-2405(10) has authorized Unit Organization Directors as Appointing Authorities to implement dismissal actions. Involuntary demotions, suspensions without pay, and involuntary transfers must be authorized by the UOD. Other disciplinary actions may be implemented at the discretion of each UOD, manager or supervisor.

               The purpose of discipline is to improve an employee's performance or to define consequences for inappropriate employee conduct. The disciplinary action taken will depend upon the nature and seriousness of the specific circumstances. Grounds for these disciplinary actions are covered in IPC Rule 190. (7/97)

    19A2.    <u>Requirements</u>. Prior to <u>any</u> disciplinary action of an employee with permanent status that involves dismissal, disciplinary suspension, reduction in pay, or demotion, the Unit Organization Director shall consult with the Bureau of Human Resources.
               (7/97)

    19A3.    <u>Definitions</u>.

        19A3.a    Verbal Warning - oral communication to inform the employee of the problem and/or performance expectations. Usually, a brief note is placed in the supervisor's working file to document the event.
               (7/97)

        19A3.b    Written Warning or Reprimand - written notification to the employee that improvement must occur in their performance or conduct. The written communication stresses the seriousness of the issue and informs the employee of

possible further discipline if acceptable performance or conduct is not attained and maintained.

 19A3.c Suspension - unpaid leave imposed for serious or repeated offenses. Suspensions may vary in length, but must at least be a full work week when imposed on an FLSA exempt employee.

 19A3.d Dismissal - separation from permanent classified employment for cause as listed in IPC Rule 190.

Other actions to improve performance include, but are not limited to, involuntary demotion, reductions in pay, and special performance evaluations.

19B. <u>Due Process Policy</u>. All employees are entitled to adequate notice and opportunity to respond before a decision is made to impose certain actions. All disciplinary demotions, suspensions without pay, dismissals and involuntary transfers require due process procedures before such actions are made final.

 19B1. <u>Notice</u>. A written letter of contemplated action is required. This letter must describe the action being considered, the section of IPC Rule 190 that was allegedly violated, and any other policy(s), rule(s), or law(s) that apply to the situation(s)/circumstance(s) involved. The letter must also give an explanation of the evidence leading to the conclusions which support the action. It must include the time frames clearly detailing when a response is necessary, and notification that the employee has a right to representation.

 19B2. <u>Opportunity to Respond</u>. Upon receipt of a letter of contemplated action, an employee may have been given three options: 1) respond in writing; 2) respond in person; or 3) offer no response and let the action take effect.

The opportunity to respond is to allow the employee to provide additional facts, information or perspectives

that may influence the decision under contemplation.

19B3. **Representation.** The employee may have representation in the preparation and presentation of a response if desired, although communication will be directed to the employee. Communication through a third party is allowed when needed to accommodate a physical, mental, or sensory impairment. If the process involves mediation, employee representatives are not permitted in the mediation process.

19B4. **UOD Meeting.** If the employee wants to present their response in person, a meeting with the UOD will normally be held within two (2) working days of the employee's receipt of the letter of contemplated action.

19B5. **Final Decision.** After the employee has responded or failed to respond to the notice of contemplation, the UOD has three (3) working days to consider the information and decide whether to proceed with the action. During the deliberation period, the UOD should consult with HR, legal, and any others they deem helpful. Before notifying the employee of the final decision, the UOD shall advise the Department Director of the decision, the supporting rationale, and potential consequences.

19B5a. **Notification.** The employee must be notified of the final decision within three (3) working days after the UOD meeting or within ten (10) working days after the letter of contemplated action was received.

19B5b. **Effective date of final decision.** The action is effective when the final decision is mailed or delivered to the employee.

19-3

00013

19B6. _Time Frames_. The time periods in this policy may be extended when the employee, supervisor, UOD, or Department Director is not available due to illness or other approved leave. "Approved leave" does not normally include administrative leave.

19C. _Appeals to the Idaho Personnel Commission_. Any classified employee who has successfully completed the entrance probationary period may, after completing the Department's Due Process procedure, appeal a disciplinary dismissal, demotion or suspension.

Appeals must be filed within thirty-five (35) calendar days after completion of the Due Process procedure and should be filed in accordance with the provisions of Section 67-5316, IDAHO CODE.

An appeal filed by the employee does not stay the action.

19D. _Mediation_. Mediation may be pursued to address differing perspectives during the Due Process procedure. An employee may request mediation, or the UOD suggest mediation, but both parties must agree to this option. The outcome of any mediation process is subject to the approval of both parties involved, and of the UOD. It is the decision of the UOD whether to continue with the contemplated action. (7/97)

00014

  **m.**  Unauthorized disclosure of confidential information from official records. (4-5-85)

  **n.**  Absence without leave. (4-5-85)

  **o.**  Misstatement or deception in application for employment. (4-5-85)

  **p.**  Failure to obtain or maintain a current license or certificate lawfully required as a condition in performance of duties. (4-5-85)

  **q.**  Prohibited participation in political activities. (Ref. Section 67-5311, Idaho Code) (4-5-85)

  **02.**  **Suspension For Investigation.** An appointing authority may suspend with pay an employee for investigation of disciplinary causes enumerated above. Each suspension for investigation shall be superseded by reinstatement to duty, dismissal or disciplinary suspension within thirty (30) calendar days of the suspension for investigation or within an extension of an additional thirty (30) calendar days approved by the administrator. Further extensions may be granted with the approval of the Administrator. (3-30-01)

  **03.**  **Disciplinary Suspension.** An appointing authority may suspend without pay an employee for discipline for causes enumerated above. Disciplinary suspension of an employee with permanent status shall be subject to appeal by the employee to the Personnel Commission. (4-5-85)

  **04.**  **Suspension On Felony Charges.** An appointing authority may suspend without pay an employee upon the issuance of a complaint, an information or indictment for felony charges. Such suspensions may remain in effect during the time such charges are pending. Full reinstatement of all benefits and salary that the employee would have otherwise been entitled shall be provided by the appointing authority to the employee upon a subsequent finding that charges or information were without grounds or the employee was not found guilty. For the purpose of this rule, a judgment withheld under Rule 33(d) of the Idaho Rules of Criminal Procedure is a conviction. (7-1-87)

  **05.**  **Notice To Administrator.** Whenever an appointing authority considers it necessary to take disciplinary action against an employee, he or she shall notify the employee and the administrator concurrently in writing; and shall set forth the specific rule(s) violated and the reasons for the action. Suspensions with pay for investigation (Ref. Rule 190.02) may be made without prior notice to the employee; in this case, the appointing authority shall notify the administrator as soon as practical. (7-1-87)

**191. -- 199.**  **(RESERVED).**

**200.**  **PROBLEM-SOLVING AND DUE PROCESS PROCEDURES.**

  **01.**  **Overview Of Procedures.** (3-30-01)

  **a.**  The due process procedure deals with the disciplinary matters set forth in Idaho Code Section 67-5315(2), dismissals, suspensions without pay, and demotions, and with all involuntary transfers. The due process procedure generally requires the employee receive notice and an opportunity to respond before a disciplinary decision or involuntary transfer is made by the department. Decisions regarding disciplinary dismissals, suspensions without pay, and demotions are appealable in accordance with Rule 201. (3-30-01)

  **b.**  The problem-solving procedure deals with all matters not specifically reserved for the due process procedure. Problem solving decisions are not appealable to the Personnel Commission. (3-30-01)

  **02.**  **Establishment Of Departmental Problem-Solving And Due Process Procedures.** Each participating department shall maintain written employee problem-solving and due process procedures, which have been approved by the administrator for conformity to law and this Section. (7-1-98)

  **03.**  **Eligibility And Time For Filing Under Problem-Solving Procedure.** Any classified employee with permanent, provisional or entrance probationary status may file under the problem-solving procedure as defined by Section 67-5315(1), Idaho Code. An employee shall file under the problem-solving procedure in writing not later

than ten (10) working days after being notified or becoming aware of a nondisciplinary matter which may be handled through the problem-solving procedure; however, if the filing alleges an ongoing pattern of harassment or illegal discrimination, the department is strongly encouraged to waive any time limits. (Ref. Rule 200.05). The time limit for filing shall be extended due to the employee's illness or other approved leave, up to ten (10) days after return to the job. The department may accept a filing that is or appears to be filed late. Department policies may provide for waiver of time elements or any intermediate step of the problem-solving procedure upon mutual agreement of the employee and appointing authority. (3-30-01)

**04. Elements Of The Problem-Solving Procedure.** The procedure shall contain a statement from the department head encouraging employees to use the procedure for any nondisciplinary, job-related matters, and encouraging the employee, supervisors, and upper-level managers and administrators to resolve the matter at the lowest management level possible within the organization. The statement shall also provide a means whereby department representatives can obtain timely authority, if needed, to resolve the matter. The procedure shall require the employee to make a reasonable attempt to discuss the issue with the immediate supervisor before filing. After a written filing is received, the procedure shall provide for such additional levels of management as are appropriate in the department. The procedure shall also provide for the use of an impartial mediator upon agreement by the employee and department. Timelines shall not exceed five (5) working days between each step. The procedure shall also inform the employee that he or she is entitled to be represented by a person of the employee's own choosing at each step of the procedure, except the initial informal discussion with the immediate supervisor. Two (2) or more employees may join in a single filing under the problem solving procedure. Retaliation for filing under the problem-solving procedure, for participating as a witness, or representative shall be expressly prohibited. This procedure shall not apply to unsatisfactory performance during entrance probation (Ref. Sections 67-5309(j), 67-5315(1), Idaho Code; Rules 150 through 154). (3-30-01)

**05. Filings Alleging Sexual Harassment Or Other Illegal Discrimination.** Each department's problem-solving procedure shall provide an optional alternative procedure for an employee to file allegations of sexual harassment or discrimination based on race, color, sex, national origin, religion, age, or disability. The procedure shall expressly prohibit sexual harassment and discrimination. Employees shall be informed of their right to file complaints with the Idaho Human Rights Commission. The alternative procedure shall designate a specific person or persons to receive and investigate such filings, and shall require that the investigation and resolution of them be conducted with maximum regard for confidentiality. (7-1-98)

**06. Elements Of Due Process Procedure.** A department must provide notice and an opportunity to respond before making a decision to impose any disciplinary sanction or involuntary transfer, as set forth in Section 67-5315(2), Idaho Code. With respect to notice, a department must provide notice of the contemplated action, the basis or reason for the contemplated action, and an explanation of the evidence supporting the contemplated action. The notice shall be provided to the employee and administrator concurrently. With respect to the opportunity to respond, the employee must be given the opportunity to respond to the notice and present reasons why the contemplated action should not be taken. The opportunity to respond shall not occur later than ten (10) working days after the employee has received notice, unless both the employee and department agree otherwise in writing. After the employee has responded, or after the period to respond has expired or has been waived in writing by the employee, whichever occurs first, the appointing authority, or designee, shall make and implement the department's decision not later than ten (10) working days thereafter, excluding days the appointing authority, or designee, is out of the office. The procedure shall inform the employee of his or her right to be represented by a person of the employee's own choosing during the opportunity to respond. The procedure shall also provide for the use of an impartial mediator upon agreement by the employee and department. The procedure does not apply to unsatisfactory performance during entrance and promotional probation (Ref. Sections 67-5309(j), 67-5315(2), Idaho Code; Rule 150 through Rule 154). The due process procedure is complete when the appointing authority, or designee, mails or delivers a decision to the affected employee. The decision shall also be sent to the administrator concurrently. (3-30-01)

**07. Notification.** A copy of the approved problem-solving and due process procedures shall be furnished and explained to each employee with permanent, provisional or entrance probationary status in the department concerned. (7-1-98)

**08. Assistance To Departments.** The administrator shall assist departments whenever requested in the development or revision of their departmental problem-solving and due process procedures. (7-1-98)

**201. APPEAL PROCEDURE.**

**01. Idaho Rules Of Administrative Procedure.** In addition to the following rules on appeals and petitions for review, the "Idaho Rules of Administrative Procedure of the Attorney General" on contested cases, IDAPA 04.11.01.000 et seq., apply with the following exceptions, which are inconsistent with the Commission's statute or practice: IDAPA 04.11.01.055, 151.05, 240, 250, 270.01, 280, 300, 302, 651, 720, 730, 740, 790, 791, 821.02, and 860. Petitions for rulemaking and declaratory rulings are addressed in Rules 270 and 271 of these rules. (3-30-01)

**02. Filing Of Appeal And Appearances.** Every appeal filed with the Commission shall be written. The appeal shall be filed at the office of the Commission, and shall state the decision that is being appealed and the action requested of the Commission. The administrator shall serve a copy of the appeal on the respondent and upon the legal counsel for the Commission. Notices of appearance and notices of substitution of counsel need not be filed by Deputy Attorneys General or members of law firms already representing a party in an appeal or petition for review. (7-1-87)

**03. Time For Appeal.** An appeal from a decision of an appointing authority shall be deemed to be timely filed if received or postmarked within thirty-five (35) calendar days after completion of the departmental due process procedure. Personal delivery or deposit in the United States mail, postage prepaid, of a written notification to the affected employee of the appointing authority's decision shall constitute completion of the departmental due process procedure. An appeal of a decision or action of the administrator or staff must be filed within thirty-five (35) calendar days of personal delivery of notice of the decision or action, deposit of the notice in the United States mail, postage prepaid, or deposit of the notice in Statehouse mail. (3-30-01)

**04. Setting Of Hearing.** Within thirty (30) days after receiving the appeal from the Commission, the hearing officer shall consult with the parties to set a mutually agreeable date for hearing. The hearing officer may thereafter postpone or continue the hearing for good cause. (7-1-87)

**05. Filing Of Documents.** Once an appeal is referred to the hearing officer, all documents relating thereto shall be filed directly with the hearing officer during the pendency of the appeal. Copies of all documents submitted shall be provided simultaneously to opposing counsel and unrepresented parties. (7-1-87)

**06. Burden Of Proof.** In disciplinary actions, the appointing authority has the burden of proving cause for the discipline by a preponderance of the evidence. In all other actions, the appellant has the burden of proof by a preponderance of the evidence. (7-1-87)

**07. Open Hearing.** Every hearing shall be public, unless the hearing officer closes the hearing for good cause. Individual parties may be represented by themselves or by an attorney. (7-1-87)

**08. Protective Orders.** The hearing officer may issue protective orders limiting access to information obtained in the course of a hearing. (7-1-93)

**09. Decision Of Hearing Officer.** The hearing officer shall issue a decision in the form of a preliminary order pursuant to Section 67-5245, Idaho Code. The preliminary order shall explain the right to file a petition for review under Section 67-5317, Idaho Code. A motion for reconsideration under Section 67-5243, Idaho Code, is not permitted. (7-1-94)

**10. Procedure For Award Of Attorney Fees And Costs.** If the hearing officer finds in favor of the employee in whole or in part, the hearing officer shall make a finding as to whether or not the state agency acted without a reasonable basis in fact or law. If the employee is entitled to statutory attorney fees and costs, counsel for the employee shall file a memorandum of costs, including a supporting affidavit stating the basis and method of computation of the amount claimed. The memorandum shall be filed with the hearing officer not later than ten (10) working days after receipt of the hearing officer's decision. The state agency shall then have ten (10) working days to file objections. The hearing officer shall make written findings as to the basis and reasons for the award. A copy of the memorandum of costs shall be served on the parties and filed with the Commission. (7-1-94)

**11. Factors Considered In Award Of Attorney Fees And Costs.** The following factors shall be